FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CORNELIUS HEALY, individually,<br><br>Plaintiff,<br><br>v.<br><br>THE ELEVANCE HEALTH COMPANIES, INC., (F/K/A ANTHEM, INC.), a foreign profit corporation,<br><br>Defendant. | No. 2:24-cv-00322-RLP<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Before the Court is Defendant The Elevance Health Companies, Inc.'s

Motion for Summary Judgment, ECF No. 22. Defendant is represented by Erin

Rayner Mangum, Jim Goh, Richard John Omata, and J. Derek Little. Plaintiff

Cornelius Healy is represented by Scott Andrew Volyn. Elevance Health requests

summary judgment on all of Mr. Healy's claims against it. This matter was

submitted for consideration without oral argument.

For the reasons discussed below, Elevance Health's motion is granted.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 1

1          BACKGROUND

2          In 2022, Mr. Healy was the Associate Vice President of Corporate Services

3    for Elevance Health. ECF No. 23 at 9. He was approximately 60 years old that

4    year. *Id*. at 10-11. Mr. Healy received stock options as part of his compensation.

5    Id. at 155-84. The stock option agreements stated that if he were to be terminated

6    for cause, any part of the option which had not been exercised would be

7    immediately terminated. *Id*. at 156, 161-62, 167-68, 172, 177.

8          Elevance Health's Family and Personal Relationship Policy ("Relationship

9    Policy") prohibits personal relationships (i.e., causal dating or sexual involvement

10   without the intention of long-term relationship) where the relationship "would

11   result in the associate having a direct or indirect supervisor/subordinate

12   relationship" with the other person. *Id*. at 80-81. Associates are required to disclose

13   personal relationships whenever one occurs, and failure to do so is a violation of

14   the Policy and subject to corrective action, including termination. *Id*. at 81. Even

15   where a prohibited relationship is disclosed, the Relationship Policy provides

16   termination as a possible remedial measure if reassignment is not feasible. *Id*.

17         In 2020, Mr. Healy kissed an indirect subordinate after a work event. *Id*. at

18   12, 85; ECF No. 27, ¶3. Later that evening, he sent her a text message that "I know

19   we can make this work. [Kissing emoji.]" ECF No. 23 at 16, 91, 96. While both

20   parties deny ever entering into a relationship, ECF Nos. 23 at 87; 27, ¶17, Mr.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 2

1   Healy also contradictorily states that his coworker "was highly personal in email

2   and text communications with me, and I with her. There is little doubt we explored

3   the potential of a relationship that might occur sometime in the future." ECF No.

4   27, ¶18. The coworker denies any reciprocation of Mr. Healy's advances. *See* ECF

5   No. 23 at 91.

6          On November 2, 2022, Mr. Healy had a contentious discussion with this

7   coworker concerning her job performance. *Id*. at 21, 89-9, 104. She reported Mr.

8   Healy's November 2020 kiss and text messages to Elevance Health's Human

9   Resources Department the same day. *Id*. at 90, 104. In addition to the kiss and text

10  messages, she reported Mr. Healy repeatedly attempted to initiate a relationship

11  with her during work one-on-ones, *id*. at 91, called her for phone sex in 2021, *id*. at

12  92, and told an inappropriate sexual story at a staff meeting. *Id*. at 93. Mr. Healy

13  asserts he had a "lighthearted professional relationship" with his coworker, denies

14  asking her for phone sex, and contends the sexual story was appropriate in the

15  context of the group's discussion. ECF No. 27, ¶¶ 10-14, 30.

16         After an investigation, Elevance Health terminated Mr. Healy for violating

17  the Relationship Policy by having an inappropriate relationship with a subordinate.

18  ECF No. 23 at 143.

19         On August 19, 2024, Mr. Healy filed a lawsuit against Elevance Health in

20  Chelan County Superior Court. ECF No. 1-3. He asserts causes of action for age

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 3

1  discrimination under Washington's Law Against Discrimination (WLAD), ch.

2  49.60 RCW, Intentional Infliction of Emotional Distress (IIED), failure to pay for

3  accrued vacation time under ch. 49.48 RCW, and conversion. *Id*. at 16-17.

4  Elevance Health removed the case to this Court on the basis of diversity

5  jurisdiction. ECF No. 1.

6      At his deposition, Mr. Healy testified he heard rumors that Elevance Health

7  employees were being discriminated against due to their age. ECF No. 23 at 25-26.

8  He testified to his belief that he was terminated as a cost savings measure. *Id*. at 26.

9  He also testified he was withdrawing his failure to pay accrued vacation time

10  claim, as he had unlimited vacation. *Id*. His interrogatory answers also stated he

11  withdrew this claim, *Id*. at 50, and the claim is not mentioned in his declaration[1]

12  opposing summary judgment. *See* ECF No. 27.

13                          ANALYSIS

14      Summary judgment will be granted if the moving party "shows that there is

15  no genuine dispute as to any material fact and the movant is entitled to judgment as

16  a matter of law." FRCP 56(a). In ruling on a motion for summary judgment, the

17

18      [1] Mr. Healy failed to file a brief opposing Elevance Health's motion for

19  summary judgment. Instead, Mr. Healy filed a narrative declaration detailing his

20  version of events underlying this suit. ECF No. 27.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 4

1    Court views the evidence and inferences therefrom "in the light most favorable to

2    the adverse party". *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920

3    (9th Cir. 2008) (quoting *Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th

4    Cir. 1977)). "A fact issue is genuine 'if the evidence is such that a reasonable jury

5    could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air,*

6    *Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*,

7    477 U.S. 242, 248, 106 S.Ct. 2505 (1986)).

8    *Age Discrimination Under WLAD*

9        WLAD prohibits termination or other discrimination on the basis of age.

10    RCW 49.60.180. The *McDonnell Douglas*[2] burden-shifting framework applies to

11    WLAD age discrimination claims. *Scrivener v. Clark Coll.*, 181 Wn.2d 439, 446,

12    334 P.3d 541 (2014).

13        To establish a prima facie case of age discrimination in employment, an

14    employee must show: (1) he was within the statutorily protected age group of

15    employees 40 years of age or older, (2) he was discharged, (3) he was doing

16    satisfactory work, and (4) the position remained open and the employer continued

17    to seek applicants with qualifications similar to the plaintiff. *Mikkelsen v. Pub. Util.*

18    *Dist. No. 1 of Kittitas County*, 189 Wn.2d 516, 527, 404 P.3d 464 (2017).

19        "Once the plaintiff establishes a prima facie case, the burden of production

20

---

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 5

1    shifts to the employer to articulate a legitimate, nondiscriminatory reason for the

2    adverse employment action." *Scrivener*, 181 Wn.2d at 446. If the employer makes

3    such a showing, the plaintiff must produce "sufficient evidence to create a genuine

4    issue of material fact either (1) that the defendant's reason is pretextual or (2) that

5    although the employer's stated reason is legitimate, discrimination nevertheless was

6    a substantial factor motivating the employer." *Id*. at 446-47.

7         "A court may grant summary judgment when the record conclusively revealed

8    some other, nondiscriminatory reason for the employer's decision, or if the plaintiff

9    created only a weak issue of fact as to whether the employer's reason was untrue and

10   there was abundant and uncontroverted independent evidence that no discrimination

11   had occurred." *Becker v. Washington State Univ.*, 165 Wn. App. 235, 252-53, 266

12   P.3d 893 (2011) (internal quotation marks omitted).

13        Mr. Healy fails demonstrate a prima facie age discrimination case as he fails

14   to show he performed satisfactory work. Mr. Healy admits to engaging in a

15   prohibited relationship with an indirect subordinate. While Mr. Healy denies some

16   of the specific allegations against him, he admits to kissing an indirect subordinate,

17   sending her a kissing emoji via text message, and then exploring the possibility of

18   continuing a romantic relationship with her for an unknown amount of time. The

19   Elevance Health employee policy states that failure to disclose such a relationship

20   is grounds for termination.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 6

1    While Mr. Healy subjectively feels termination was an unwarranted

2    response to his actions, this is irrelevant. *Cornwell v. Electra Cent. Credit Union*,

3    439 F.3d 1018, 1029 n.6 (9th Cir. 2006) ("a plaintiff [cannot] create a genuine

4    issue of material fact by relying solely on the plaintiff's subjective belief that the

5    challenged employment action was unnecessary or unwarranted.") Per company

6    policy, Mr. Healy engaged in misconduct warranting termination, and thus he fails

7    to demonstrate he performed satisfactory work.

8    Even if Mr. Healy demonstrated a prima facie case, he fails to show

9    Elevance Health's proffered reason for termination was pretextual. Mr. Healy

10    advances no evidence of age discrimination other than vague self-reported rumors

11    of similar discrimination occurring, and his suspicion that he was terminated as a

12    cost-saving measure. There is abundant and uncontroverted evidence that Mr.

13    Healy engaged in a prohibited relationship and was subsequently terminated after

14    an internal investigation. Mr. Healy's conclusory assertions and speculation are

15    insufficient to create a genuine issue of material fact for trial. Elevance Health is

16    entitled to summary judgment on Mr. Healy's WLAD age discrimination claim.

17    *Intentional Infliction of Emotional Distress*

18    Under Washington law

19    In order to make a prima facie case of intentional infliction of emotional
distress, a plaintiff seeking to survive summary judgment must produce
20    evidence showing three elements: (1) extreme and outrageous conduct, (2)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 7

intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress.

*Repin v. State*, 198 Wn. App. 243, 265, 392 P.3d 1174 (2017). "Liability exists only when the conduct has been so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Id*. at 266. Courts act as gatekeepers to determine whether the defendant's conduct, together with the plaintiff's mental distress, rise to a level necessary to make out a prima facie case. *Id*.

Mr. Healy's IIED claim is premised on his termination, and the termination of his stock options, being outrageous. However, as discussed above Mr. Healy was terminated for engaging in a prohibited relationship under the Elevance Health employee policy. A routine discharge such as this does not amount to outrageous conduct. *Cf. Snyder v. Med. Serv. Corp. of E. Washington*, 145 Wn.2d 233, 244, 35 P.3d 1158 (2001). Furthermore, as discussed below the termination of Mr. Healy's stock options was authorized by the stock agreements, and likewise did not amount to outrageous conduct. For that reason, Elevance Health is granted summary judgment on Mr. Healy's IIED claim.

*Conversion*

"Conversion is the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." *Repin*, 198 Wn. App. at 270. There are three elements to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 8

conversion: "(1) willful interference with chattel belonging to the plaintiff, (2) by either taking or unlawful retention, and (3) thereby depriving the owner of possession." *Burton v. City of Spokane*, 16 Wn. App. 2d 769, 773, 482 P.3d 968 (2021). "Wrongful intent is not an element of conversion, and good faith is not a defense." *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 818, 239 P.3d 602 (2010).

Mr. Healy's conversion claim rests on his contention that Elevance Health unlawfully terminated his stock options. The evidence shows that Elevance Health terminated his unexercised stock options pursuant to the stock option agreements. The stock option agreements all state that unexercised options may be terminated if Elevance Health terminates Mr. Healy for cause. At his deposition Mr. Healy acknowledged accepting the options. ECF No. 23 at 29.

Mr. Healy does not dispute Elevance Health terminated him for cause – instead, Mr. Healy challenges the underlying factual basis for his termination. As explained above, there is no genuine dispute that Mr. Healy was terminated for having a prohibited relationship with a subordinate. Nor is there a genuine dispute that this termination was for cause.

Mr. Healy draws a distinction between "vested" and "unexercised" stock options and argues that Elevance Health could not terminate his vested but unexercised stock options. This contradicts the plain terms of the stock option

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT * 9

1    agreements. The agreements' for cause termination provision does not speak in

2    terms of "vested" stock options, but unexercised stock options. Thus, whether or

3    not Mr. Healy's stock options were vested is irrelevant.

4        Mr. Healy fails to demonstrate a genuine dispute of fact as to whether

5    Elevance Health unlawfully terminated his unexercised stock options, and

6    Elevance Health is entitled to summary judgment on his conversion claim.

7        As for Mr. Healy's remaining claim for Elevance Health's failure to pay

8    vacation time, the record shows he abandoned this claim, and his declaration does

9    not mention it. Therefore, Elevance Health is entitled to summary judgment here as

10    well.

11    **ACCORDINGLY, IT IS ORDERED:**

12        1.    Defendant's Motion for Summary Judgment, **ECF No. 22** is

13    **GRANTED**.

14        The Clerk of this court shall enter this Order and judgment in favor of

15    Defendant, forward copies to the parties, and close this file.

16        DATED October 3, 2025.



                    REBECCA L. PENNELL
            UNITED STATES DISTRICT JUDGE

17

18

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT * 10